dure with which I cannot agree. Accordingly, I would grant the stay of execution.

**Robert Glen COE, Movant,**

v.

**STATE of Tennessee, Respondent.**

Supreme Court of Tennessee,
at Nashville.

March 21, 2000.

See also 17 S.W.3d 193.

*ORDER*

The movant, Robert Glen Coe, has filed a motion asking this Court to issue a certificate of commutation pursuant to Tenn. Code Ann. § 40–27–106. In support of the motion, Coe relies upon his filings made with the Tennessee Board of Pardons and Paroles requesting executive commutation. These filings include information recounting the circumstances of his childhood, his mental health records dating from 1975, copies of transcripts of testimony presented at prior proceedings in his case, federal court pleadings and affidavits of three jurors who state that they now would prefer that the movant receive a sentence of life without parole rather than death. He submits that these filings demonstrate his severe mental illness and other extenuating circumstances warranting the issuance of a certificate of commutation.

■ We recently reviewed the constitutional, statutory, and historical principles governing commutation of death sentences in *Workman v. State*, 2000 WL 190521 (Tenn.2000) (Anderson, C.J., joined by Holder, J. delivered the decision of the Court; Drowota, J. and Barker, J. filed separate concurring orders; Birch, J. filed a separate order concurring in part and dissenting in part).[1] In that case, we not-

1. In *Workman* the motion for certificate of commutation was filed as part of a response to the State's motion to set an execution date. The motion in this case was filed less than a week before the movant's scheduled execution. Unless extenuating circumstances war- ranting the issuance of a certificate arise after an execution date is set, a more appropriate time for filing a motion for certificate of commutation is when this Court is entertaining the State's motion to set a date for the prisoner's execution upon the completion of the

ed that this Court's only role in clemency decisions is that provided by Tenn.Code Ann. § 40–27–106. Under that statute, the governor may commute the punishment from death to life imprisonment upon the certificate of this Court, "that in its opinion, there are extenuating circumstances attending the case, and that the punishment ought to be commuted." *Id.* In *Workman,* we emphasized that this Court will issue certificates of commutation only when the extenuating circumstances attending the case are based upon the facts in the record or a combination of record facts and new evidence that is uncontroverted.

■ After careful review of the motion and the supporting documentation, the majority concludes that under the principles announced in *Workman* the movant has presented no extenuating circumstances warranting issuance of a certificate of commutation. Justice Barker adheres to the views expressed in his separate concurring order in *Workman.* Accordingly, the motion is DENIED.

FOR THE COURT:

/s/ Frank F. Drowota, III

FRANK F. DROWOTA, III,
JUSTICE

ANDERSON, C.J., HOLDER and BARKER, JJ., concur.

BIRCH, J., dissents with separate order.

BIRCH, Justice, dissenting.

Robert Glen Coe has filed a motion requesting that this Court issue a certificate of commutation as provided by Tenn. Code Ann. § 40-27-106 (1997).

After a painstakingly thorough review of the voluminous record filed in this cause, I remain firmly convicted, as I stated previously in *Van Tran v. State,* 6 S.W.3d 257 (Tenn.1999) (Birch, J., separately concur-

standard three-tiered review in the state and federal courts as defined in *Coe v. State,* 17

ring and dissenting) and *Coe v. State,* 17 S.W.3d 193 (Tenn.2000) (Birch, J., dissenting) that

1. The protocol to determine a prisoner's competency to be executed, adopted by the majority in *Van Tran,* violates the Fourteenth Amendment to the United States Constitution, public standards of decency, and public standards of propriety; and

2. The ineffective methodology used by the majority to determine a prisoner's competency to be executed is one with which I expressly disagree.

It results that the application of this protocol in Coe's proceedings provides, in the least, an extenuating circumstance that mandates the commutation of his sentence of death.

Because this Court is not of one mind on the commutation issue, I am firmly persuaded that it is my duty to separately address Coe's request for a recommendation of commutation and to do so on the record.

Now, therefore, in accordance with that duty described above, pursuant to and independent of the enabling statute cited herein, and after a careful consideration of the pertinent parts of the entire record, I do hereby certify to His Excellency, the Honorable Don Sundquist, Governor of the State of Tennessee, that the punishment of death ought to be commuted.